McEablastd, J.,
delivered the opinion of the court.
Wm. B. Carter, as surviving executor of the will of A. M. Carter, deceased, moved for and obtained a judgment against J. P. Lusk, a constable of Knox county, and his securities on his official bond, for failing to return an execution issued and delivered to him, founded upon an execution issued by a justice of the peace of Carter county, and certified under the statute. ' The judgment against Lusk was rendered on the 16th September, 1870, by R. L. Joroulman, a justice of the peace of Knox county, and w^s brought into the Circuit Court of Knox county by certiorari, for the purpose of having the same quashed. A mo *14 tion to quash the execution issued thereon was made, and at the same time a motion was made by the plaintiffs to dismiss and discharge the certiorari and supersedeas. Without disposing of these motions, leave was given and an amended petition filed, presenting additional reasons for not. appealing, and also setting forth more fully the supposed grounds of defense, upon the merits. The Circuit Court afterwards dismissed the certiorari and supersedeas, and rendered judgment for the amount of the justice’s judgment, interest and costs. From this judgment the securities of Lusk, as constable have appealed.
Taking the original and amended petitions together, they perhaps state sufficient ground for not appealing, under the authority of our reported cases.
The motion was made for the failure of Lusk to return the execution. In this amended petition, it is stated that Lusk received the execution, made search, could find no property of the defendant, and made his return upon the execution accordingly, but that by some unavoidable means the execution has been lost. He does not, however, state that the execution was ever in fact returned to the justice, or when or how it was lost — whether before or after the time it should have been returned; nor doés he show that he used diligence, or that the execution was lost or destroyed without fault’ upon his part. It is clear, therefore, that no meritorious ground of defense is shown to the motion, and the certiorari was properly dismissed.
Let the judgment be affirmed.